UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SOUTHWIND RISK RETENTION GROUP, INC. | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO._____ |
| DAT TRANSPORTATION, LLC, FRANKLIN BROWN, AND REYES CASTILLO | § § § § § | |
| *Defendants*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE UNITED STATES DISTRICT COURT:

Plaintiff Southwind Risk Retention Group, Inc. ("Southwind") files this Original Complaint for Declaratory Judgment and respectfully shows:

### I.   PARTIES

1. Plaintiff Southwind is an insurer organized under the laws of North Carolina with its principal place of business located in Wilmington, North Carolina.

2. Defendant DAT Transportation, LLC, ("DAT") is a Texas company doing business in the State of Texas. DAT can be served via certified mail return receipt request by serving its registered agent, Doris Anamaria Moldovan, at the following address: 7117 Fox Drive, The Colony, Texas 75056.

3. Defendant Franklin Brown ("Brown") is an individual citizen living in the State of Texas, who can be served via private process at the following address: 601 Frankie Street, Wharton, Texas 77488 or wherever he may be found.

4. Defendant Reyes Castillo ("Castillo") is an individual citizen living in the State of Texas, who can be served via private process at the following address: 250 Heimer Road Apt. #108, San Antonio, Texas 78232.

## II.   JURISDICTION

5. The Court has jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and upon complete diversity of citizenship pursuant to 28 U.S.C. § 1332. This is a civil action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Jurisdiction is also proper because the issues presented in this suit are ripe for adjudication.

## III.   VENUE

6. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 because the underlying liability lawsuit forming the basis of this coverage action is pending in Bexar County, Texas.

## IV.   FACTS

7. Defendant Franklin Brown is a plaintiff in a pending suit styled: *Franklin Brown v. Reyes Castillo, DAT Transportation, LLC*; Cause No. 2024CI05935; in the 225th Judicial District Court of Bexar County the "Underlying Lawsuit"). *See* **Exhibit A**. Brown has alleged damages as a result from an accident that occurred on November 2, 2023 (the "Accident"). According to the Underlying Lawsuit, Castillo was a driver employed by DAT. On the day of the Accident, Castillo was operating a tractor in Live Oak, Texas when he purportedly made an unsafe lane change and collided with Brown's vehicle. As a result of the collision, Brown allegedly sustained bodily injuries.

8. Brown subsequently filed the Underlying Lawsuit on March 19, 2024, alleging that Castillo was employed by DAT and DAT was therefore vicariously liable for Brown's damages.

Brown also alleged that DAT was negligent in hiring Castillo, DAT failed to properly train Castillo and that DAT and Castillo violated numerous statutory and regulatory provisions. Additionally, Brown asserted gross negligence against DAT, entitling them to an award of punitive damages.

## V.     THE SOUTHWIND POLICY

9.     Southwind issued a Commercial Auto Liability Policy No. SWR-TX-0000591-22 (the "2022 Policy") to DAT as the named insured. The 2022 Policy was effective for the policy period of December 26, 2022 to December 26, 2023 and included a $1,000,000.00 combined single limit. Castillo was a scheduled driver and the tractor at issue was a scheduled vehicle.

10.     The 2022 Policy does not cover DAT or Castillo for the claims asserted against them in the Underlying Lawsuit. The 2022 Policy is a Commercial Auto Liability Policy, and defines "Insured auto" in relevant part as follows: "**5. 'Insured auto**' … means: a. Any auto specifically described in the **declarations page** …" The 2022 Policy's insuring agreement provides in relevant part:

> **INSURING AGREEMENT – LIABILITY TO OTHERS**
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, we will pay damages, other than punitive or exemplary damages, **for bodily injury, property damage**, and covered pollution cost or expense, for which an insured becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, we will only pay for the covered pollution costs or expense if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.
>
> We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.
>
> ***
>
> **NON TRUCKER LIABLITY EXCLUSION ENDORSEMENT**
>
> The liability coverage of this policy is modified as follows: Any claim for property damage, bodily injury, or any other claim which arises from an occurrence where the power unit is not under dispatch or is not hauling cargo is excluded from coverage. This policy does not cover bobtail liability or any liability that arises when the power unit is not engaged in hauling cargo or under dispatch.

All other terms, conditions, exclusions and limitations of the policy remain in effect.

\*\*\*

**PUNITIVE, EXEMPLARY AND EXTRA CONTRACTUAL DAMAGE EXCLUSION**

This policy does not insure against or provide indemnity for extra contractual damages, fines, penalties, exemplary or punitive damages or any other type or kind of judgment or award which does not compensate the party benefiting from the award or judgment for any actual loss or damage sustained.

This exclusion applies to all coverages provided under this policy.

\*\*\*

## VI.     DECLARATORY RELIEF SOUGHT

11.     Based on the allegations in the Underlying Lawsuit and the facts reported by DAT to Southwind, Castillo was "bobtailing" at the time of the Accident and therefore was not under dispatch and was not hauling cargo on behalf of DAT. Rather, Southwind understands that Castillo was conducting a test drive at the time of the Accident with one of DAT's mechanics, Iban Colombiano. The test drive was in connection with some repair or potential repair of the tractor itself.

12.     Accordingly, based upon the terms of the Non Trucker Liability Endorsement of the 2022 Policy, no "power unit" was "engaged in hauling cargo" nor was Castillo/DAT "under dispatch" at the time of the Accident. Additionally, the "Punitive, Exemplary and Extra Contractual Damage Exclusion" explicitly does not afford coverage for punitive or exemplary damages. Therefore, Southwind has no duty to defend or indemnify Castillo or DAT for the claims asserted against them by Brown in the Underlying Lawsuit.

13.     Additionally, because DAT/Castillo were not engaged in interstate commerce there is no FMCSA obligation under an MCS-90.

## VII. PRAYER

THEREFORE, Southwind Risk Retention Group requests that the Court enter a judgment declaring the following:

A. Southwind has no duty to defend or indemnify DAT under the 2022 Commercial Auto Liability Policy for the claims asserted in the Underlying Lawsuit;

B. Southwind has no duty to indemnify DAT for any judgment entered in the Underlying Lawsuit;

C. Southwind is entitled to its reasonable and necessary attorneys' fees and costs of court; and

D. Awarding it all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Jo Allison Stasney*

**Jo Allison (Jody) Stasney**
State Bar No. 19080280
**Meredith C. Miller**
State Bar No. 24127758
THOMPSON, COE, COUSINS & IRONS, LLP
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  214-871-8200
Telecopy:  214-871-8209
jstasney@thompsoncoe.com
mmiller@thompsoncoe.com

**COUNSEL FOR SOUTHWIND RISK RETENTION GROUP, INC.**